UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

| | |
|---|---|
| JOHN and TERESA MORAN | SG 3836 |
| Plaintiffs, | Docket No.: 13 Civ. _____ |
| -against- | COMPLAINT |
| THE NATIONAL FLOOD INSURANCE PROGRAM, W. CRAIG FUGATE in His Official Capacity as Administrator of the Federal Emergency Management Agency, JANET NAPOLITANO in Her Official Capacity as Secretary of the United States Department of Homeland Security | Jury Trial: No |
| Defendants. | |

------------------------------------------------------------------x

Plaintiffs, by their attorneys, Gauthier, Houghtaling & Williams, LLP, for their Complaint against the Defendants, the National Flood Insurance Program, W. Craig Fugate, in his official capacity as Administrator of the Federal Emergency Management Agency, and Janet Napolitano, in her official capacity as Secretary of the United States Department of Homeland Security (collectively referred to as "FEMA"), allege the following upon information and belief:

### THE PARTIES

1. The Plaintiffs listed in the table below are individuals who reside and are domiciled in this judicial district. Their property, located at the address shown below, was insured against flood damages by a Standard Flood Insurance Policies (the "Policy") that FEMA issued to Plaintiffs under the National Flood Insurance Program.

| No. | Name of Insured(s) | Policy Number | Address of Property |
|---|---|---|---|
| 1. | John and Teresa Moran | 2027905039 | 17 Deal Rd., Island Pk., Nassau County, NY 11558 |

2. FEMA is a federal agency under the United States Department of Homeland Security that administers and issues flood insurance policies pursuant to the National Flood Insurance Program and the National Flood Insurance Act of 1968, as amended, 42 U.S.C. § 4001, *et seq*. Defendant W. Craig Fugate is a proper party to this action pursuant to 42 U.S.C. § 4072, which authorizes suit against the Administrator of FEMA in his official capacity to assert claims related to the disallowance or partial disallowance of a flood insurance claim. *See also* 44 C.F.R. §§ 61, App. A(1), Section VII(R) and 62.22.  Defendant Janet Napolitano is also a property party pursuant to section 503 of the Homeland Security Act of 2002, Pub. Law 107 296, 5 U.S.C. §§ 301 *et seq*., which transferred all functions, personnel, and liabilities of FEMA to the Secretary of the Department of Homeland Security.

## JURISDICTION

3. This action arises under the National Flood Insurance Act, federal regulations and common law, and the Standard Flood Insurance Policy that FEMA sold and issued to Plaintiffs pursuant to the National Flood Insurance Program. The Policy covered losses to Plaintiffs' property located in this judicial district.

4. The Court has original, exclusive jurisdiction pursuant to 42 U.S.C. § 4072 and 28 U.S.C. § 1331 because this action involves disputed claims under Standard Flood Insurance Policy that FEMA issued to Plaintiffs, and the insured property is located in the Eastern District of New York.

5. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action requires the application of federal statutes and regulations and involves substantial questions of federal law.

## VENUE

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 4072 because it is where the Plaintiffs' property is located and where a substantial part of the events at issue took place.

## FACTUAL BACKGROUND

7. Plaintiffs purchased a Standard Flood Insurance Policy (the "Policy") from FEMA to insure their property and contents located at the address shown above against physical damage by or from flood. The Policy was not a "Write-Your-Own" policy administered by a non-government insurer; the Policy in this case was issued and administered directly by FEMA to Plaintiffs under 42 U.S.C. § 4071.

8. Plaintiffs paid all premiums when due and the Policy was in full force and effect on the date relevant to this suit.

9. On or about October 29, 2012, a devastating storm (the "Storm") made landfall in the greater New York Metropolitan area, causing widespread devastation and severely damaging Plaintiffs' insured property.

10. As a result of the Storm, Plaintiffs suffered losses by and from flood to their insured property and to personal property and contents located therein. Plaintiffs have incurred and/or will incur significant expenses to repair and replace their flood-damaged property.

11. Plaintiffs reported the damage and properly submitted their claims to FEMA. Plaintiffs duly performed and fully complied with all of the conditions of the Policy.

12. FEMA unjustifiably failed and/or refused to perform its obligations under the Policy and wrongfully denied or unfairly limited payment on the Plaintiffs' claims.

13. Plaintiffs retained independent experts to evaluate the damages to their insured property caused by and from flood. The experts determined and found conclusive evidence that the flood event critically damaged Plaintiffs' covered property. These damages were thoroughly documented and reports were submitted to FEMA for review. FEMA has unfairly and improperly persisted in denying the claims.

FIRST CLAIM FOR RELIEF
(BREACH OF CONTRACT)

14. Plaintiffs repeat, reiterate and re-allege each and every allegation set forth in the paragraphs above as if fully set forth herein.

15. Plaintiffs and FEMA entered into a contract when Plaintiffs purchased and FEMA issued the Policy.

16. The Policy, at all times relevant and material to this case, provided flood insurance coverage to Plaintiffs for, among other things, physical damage caused by flood to their property and contents located at the address shown above.

17. Plaintiffs fully performed under the contract by paying all premiums when due and cooperating with FEMA regarding their claims. Plaintiffs complied with all conditions precedent to their recovery herein, including appropriate and adequate demands, or FEMA waived or excused such conditions precedent.

18. FEMA failed to perform and materially breached the insurance contract when it wrongly failed to pay and refused to reimburse Plaintiffs what they are owed for damages the Storm caused to property that the Policy covered. FEMA also breached the contract by failing to perform other obligations it owed under the Policy.

19. FEMA has a duty to deal fairly and in good faith with the Plaintiffs. There is an implied covenant of good faith and fair dealing in every insurance contract. This covenant obligates each party to the contract to refrain from taking any action or litigation position that would deprive the other of the benefits of the contract or cause undue hardship or harm to the other party. It also requires an insurer, *inter alia*, to investigate claims in good faith and to reasonably and promptly pay covered claims.

20. By wrongfully denying payments to Plaintiffs, FEMA has breached, or will breach, the duties of good faith and fair dealing owed to Plaintiffs, and to the public at large. In addition, FEMA breached or will breach its duty to deal fairly and in good faith by other acts and omissions of which Plaintiffs are presently unaware. FEMA's duty of good faith and fair dealing continues during the pendency of this case. Plaintiffs reserve the right to seek leave of the Court to amend this Complaint at such time as they may ascertain other acts and omissions actionable as breaches of the duty of good faith and fair dealing.

21. By virtue of its various breaches of contract, including its failure to fully reimburse Plaintiffs for their covered losses, FEMA is liable to and owes Plaintiffs for the actual damages they sustained as a foreseeable and direct result of the breach, all costs associated with recovering, repairing and/or replacing the covered property, together with interest and all other damages Plaintiffs may prove as allowed by law.

## PRAYER

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor for such amounts as Plaintiffs may prove at trial, for reasonable attorneys' fees and costs, expenses, pre-judgment and post-judgment interest as provided by law, and other and further relief the Court may deem just and proper.

                                        Respectfully submitted,

                                        Gauthier, Houghtaling & Williams, LLP

                                        By:    /s/ *Sean Greenwood*
                                                 Sean Greenwood
                                                 New York Bar No. 4409140
                                                 SG 3836
                                                 Attorneys for Plaintiffs
                                                 52 Duane Street Floor 7
                                                 New York, NY 10007
                                                 Telephone: (646) 461-9197
                                                 Facsimile: (212)732-6323

TO:    Federal Emergency Management Agency
          U.S. Department of Homeland Security
          500 C Street SW
          Washington, D.C. 20472